460  PEOPLE ex rel. FIELD *v.* BOARD OF ALDERMEN.

FIRST DEPARTMENT, OCTOBER TERM, 1895.        [Vol. 89.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUGUSTUS M. FIELD, Appellant, *v.* THE BOARD OF ALDERMEN OF THE CITY OF NEW YORK, Respondent.*

*Territory annexed to the city of New York by chapter* 934 *of* 1895 — *cannot be included in any Assembly district of the city of New York* — *construction of the word " county " as used in the Constitution of* 1894.

By section 3 of article 3 of the Constitution of 1894 of the State of New York, which fixes the number of Senators at fifty, and divides the State into Senate districts, defining with particularity the limits of each district, twelve Senators were allotted to the county of New York, and each Senate district was described by metes and bounds, the twenty-second Senate district consisting of the county of Westchester.

Section 5 of article 3 of the said Constitution provided that " until after the next enumeration, members of the Assembly shall be apportioned to the several counties as follows : * * * New York county, thirty-five members; * * * Westchester county, three members. * * * In any county entitled to more than one member, the board of supervisors, and in any city embracing an entire county and having no board of supervisors, the common council * * * shall assemble * * * and divide such counties into Assembly districts as nearly equal in number of inhabitants, excluding aliens, as may be, of convenient and contiguous territory, in as compact form as practicable, *each of which shall be wholly within a Senate district formed under the same apportionment, equal to the number of members of Assembly to which such county shall be entitled.*"

By chapter 934 of the Laws of 1895, approved June 6, 1895, certain territory theretofore constituting a portion of the county of Westchester was annexed to and made a part of the city and county of New York; the board of aldermen of which city, after said act became a law, in pursuance of the requirements of the Constitution of 1894, divided the city and county of New York into Assembly districts, but omitted and refused to include such annexed territory in any Assembly district of the city and county of New York.

In a proceeding instituted by a voter residing in said annexed territory to compel the board of aldermen to reconvene and to reapportion the Assembly districts of the city and county of New York so as to include in an Assembly district the territory so annexed,

*Held,* that the only function to be performed by the board of aldermen was to divide the city and county of New York, as apportioned by the Constitution into twelve Senate districts, into thirty-five Assembly districts, each of which Assembly districts should be wholly within a Senate district formed under the apportionment made by the Constitution;

---

* Decided August, 1895.

That the territory so annexed to the city and county of New York by chapter 934 of the Laws of 1895 was not a part of the city and county of New York at the time of the constitutional apportionment, such apportionment having been completed when the Constitution went into effect, which was before the passage of said annexation act;

That the Legislature had no power to change the boundaries of a Senate district under such Constitution until after the enumeration to be made in 1905 and every ten years thereafter;

That the word "county," as used in the Constitution, refers to fixed territory and not to political organizations, and that the board of aldermen of the city of New York had no power to include the annexed territory in any Assembly district within said city and county.

APPEAL by the relator, Augustus M. Field, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of July, 1895, denying his motion for a peremptory writ of mandamus.

*Wm. B. Hornblower* and *McCready Sykes*, for the appellant.

*John Proctor Clarke*, for the respondent.

*Wm. D. Guthrie*, for town of Westchester, etc.

VAN BRUNT, P. J. :

The relator, who has hitherto been a voter in the town of Westchester, applied to the court below for a peremptory writ of mandamus against the board of aldermen of the city of New York, directing them to reconvene and to reapportion the Assembly districts of the city and county of New York.

The grounds of the application were that by chapter 934 of the Laws of 1895, approved June 6, 1895, certain territory theretofore constituting a portion of the county of Westchester was annexed to and made a part of the city and county of New York, and that the board of aldermen of said city, who, in pursuance of the requirements of the Constitution of 1894, had, on the 11th day of June, 1895, divided the city and county of New York into Assembly districts, had omitted and refused to include such territory in any Assembly district of the city and county of New York.

The motion was denied, and this appeal was taken.

462 PEOPLE ex rel. FIELD v. BOARD OF ALDERMEN.

First Department, October Term, 1895. [Vol. 89.

By section 5 of article III of the Constitution of 1894, it is provided:

" Until after the next enumeration, members of the Assembly shall be apportioned to the several counties as follows: * * * New York county, thirty-five members; * * * Westchester county, three members. * * *

" In any county entitled to more than one member, the board of supervisors, and in any city embracing an entire county and having no board of supervisors, the common council, or, if there be none, the body exercising the powers of a common council, shall assemble on the second Tuesday of June, one thousand eight hundred and ninety-five, and at such times as the Legislature making an apportionment shall prescribe, and divide such counties into Assembly districts as nearly equal in number of inhabitants, excluding aliens, as may be, of convenient and contiguous territory in as compact form as practicable, *each of which shall be wholly within a Senate district formed under the same apportionment, equal to the number of members of Assembly to which such county shall be entitled,* and shall cause to be filed in the office of the Secretary of State and of the clerk of such county, a description of such districts, specifying the number of each district and of the inhabitants thereof, excluding aliens, according to the last preceding enumeration, and such apportionment and districts shall remain unaltered until another enumeration shall be made, as herein provided; but said division of the city of Brooklyn and the county of Kings to be made on the second Tuesday of June, one thousand eight hundred and ninety-five, shall be made by the common council of the said city and the board of supervisors of said county, assembled in joint session. In counties having more than one Senate district, the same number of Assembly districts shall be put in each Senate district, unless the Assembly districts cannot be evenly divided among the Senate districts of any county, in which case one more Assembly district shall be put in the Senate district in such county having the largest, or one less Assembly district shall be put in the Senate district in such county having the smallest number of inhabitants, excluding aliens, as the case may require. No town, and no block in a city inclosed by streets or public ways, shall be divided in the formation of Assembly districts, nor shall any district contain a greater excess in

PEOPLE ex rel. FIELD v. BOARD OF ALDERMEN.  463

Hun.]                    First Department, October Term, 1895.

population over an adjoining district in the same Senate district than the population of a town or block therein adjoining such Assembly district.  Towns or blocks which, from their location, may be included in either of two districts, shall be so placed as to make said districts most nearly equal in number of inhabitants, excluding aliens; but in the division of cities under the first apportionment regard shall be had to the number of inhabitants, excluding aliens, of the election districts according to the State enumeration of one thousand eight hundred and ninety-two, so far as may be, instead of blocks.  Nothing in this section shall prevent the division, at any time, of counties and towns, and the erection of new towns by the Legislature."

Section 3 of article III of the Constitution of 1894 fixed the number of senators at fifty, and divided the State into Senate districts defining with particularity the limits of each district.  Twelve senators were allotted to the county of New York and each Senate district was described by metes and bounds.  The twenty-second Senate district consisted of the county of Westchester.

The only function to be performed by the board of aldermen was to divide the city and county of New York, as apportioned by the said Constitution into twelve Senate districts, into thirty-five Assembly districts in accordance with the requirements of said section 5 of article III, each of which districts should be wholly within a Senate district formed under .the apportionment made by the Constitution and which was then in force.

If, therefore, under such Senate apportionment, the territory in dispute was a part of the city and county of New York, it should have been included within some Assembly district of that county.

It is plain that it was not a part of that county under such apportionment, for, at the time this apportionment was made by the Constitution of 1894, such territory formed part of another county.

The Senate apportionment was completed when this Constitution went into effect, which was as to this subject by its terms January 1, 1895, or it would not have been an apportionment within the meaning of that term as used in the Constitution.

The framers of the Constitution claimed to recognize equality of population, with certain expressed exceptions, as the basis of the

464 PEOPLE ex rel. FIELD v. BOARD OF ALDERMEN.

First Department, October Term, 1895. [Vol. 89.

apportionment. This abundantly appears throughout the entire. instrument. When they set apart the county of Westchester as the twenty-second Senate district they set apart an integral portion of the territory of the State, with well-defined limits, containing, according to the last preceding enumeration, a population which, under their plan of apportionment, they considered to be entitled to one senator.

With regard to the future they provided, by section 4 of article III, that the Legislature might, after the enumerations to be made in 1905 and every ten years thereafter, so alter the bounds of the Senate districts that each district should "contain as nearly as may be an equal number of inhabitants excluding aliens, and be in as compact form as practicable," and that such districts "shall remain unaltered until the return of another enumeration."

It is contended by the counsel for appellant that while the Legislature could not, after 1905, disregard the principle of equality in population or change the boundaries of a Senate district, they could do so now.

No good reason is assigned for such a discrimination, and it seems to be at variance with the regulations of the Constitution governing the apportionment of Assembly districts.

As we have seen, each Assembly district must be within a Senate district formed under the same apportionment.

The Constitution had formed the Senate districts under the present enumeration, and only left to the Legislature the duty of apportioning the assemblymen among the Senate districts, and each Assembly district had to be within a Senate district as formed by the Constitution.

The argument that the word "county," as used in the Constitution, refers to political organizations and not to fixed territories, is refuted by the language of the instrument itself.

In defining the boundaries of the twenty-first Senate district, metes and bounds are established, and there is added, "all that part of the county of New York not hereinbefore described." If the words "county of New York" meant the political division known by that name the words "not hereinbefore described" would have no reasonable significance.

It seems to be manifest that the claim of the relator is contrary

not only to the spirit but to the letter of the Constitution, and that the board of aldermen had no power to include in any Assembly district within this county the annexed territory.

The order should be affirmed, with costs to the respondent.

O'BRIEN and STOVER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.